**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **M. Nawaz Raja,** *et al* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1: 14-cv-1663** |
| | ) | **Judge O'Grady** |
| **MERSCORP, Inc.,** *et al* | ) | |
| | ) | |
| **Defendants.** | ) | |
| ——————————————————— | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DOCX, LLC'S, RENEWED MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

In support of its Renewed Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure, DocX respectfully states as follows:

## I.    PRELIMINARY STATEMENT

Plaintiffs, M. Nawaz Raja ("Mr. Raja") and Neelum Nawaz Raja ("Mrs. Raja" and together with Mr. Raja, "Plaintiffs"), should be sanctioned under Rule 11 for filing what is plainly a frivolous pleading against Defendant, DOCX, LLC ("DocX"). Plaintiffs filed their Amended Complaint on September 15, 2015 (the "Amended Complaint"). Like the original Complaint, the Amended Complaint asserts Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against DocX[1] that are based upon the allegation that employees of DocX improperly robo-signed three Appointments of Substitute Trustee and three Assignments of Deed of Trust relating to Plaintiffs' property. These RICO claims are meritless as none of the

---

[1] DocX is lumped in with Defendants, Lender Processing Services, Inc. n/k/a Black Knight InfoServ, LLC and LPS Default Solutions, Inc. n/k/a ServiceLink Default Solutions, LLC under the collective label of "LPS" or the "LPS Defendants" in a majority of Plaintiffs' allegations and counts directed towards DocX

persons that are alleged to have executed, witnessed or notarized documents related to Plaintiffs'

Deed of Trust were employed by DocX.[2]   Plaintiffs also assert a new meritless claim for

intentional infliction of emotional distress against DocX in the Amended Complaint, which fails

as a matter of law as is set forth in the LPS Defendants' Memorandum in Support of their Motion

to Dismiss, pp. 25-28.  As a result, there is no colorable basis in fact or law to support Plaintiffs'

claims against DocX.

Plaintiffs' continued inclusion of DocX in their claims, despite adequate warning of its

lack of involvement, further highlights why sanctions are warranted.  Plaintiffs have passed on

their opportunity to withdraw the Complaint against DocX during the 21-day "safe harbor" under

Rule 11 after having been served with this motion.  Rule 11 sanctions, therefore, are plainly

warranted.

## II.    BACKGROUND FACTS

The gist of the Amended Complaint and the RICO claims asserted against all of the LPS

Defendants, including DocX, relate to the creation of allegedly false documents relating to

Plaintiffs' Deed of Trust.[3]  The Amended Complaint alleges that the LPS Defendants, including

DocX, violated RICO through the execution of so-called "fraudulent" documents by Christina

Allen in December 2008 and June 2009,[4] and by Wendy Traxler in May 2013.[5]  In addition,

Plaintiffs identified other  individuals, also alleged to have been employees of the collective

---

[2]      To further highlight the frivolous nature of Plaintiffs' pleading, on May 22, 2015, DocX served and then filed a previous Motion for Sanctions under Rule 11 directed to Plaintiffs' original Verified Complaint based upon the same grounds [D.E. 171].  While that Motion was denied as moot upon the granting of Defendants' Motions to Dismiss, it is disappointing that the Rajas chose to include substantially the same allegations against DocX in their Amended Complaint.

[3]      *See generally* Amended Complaint, ¶¶ 47, 56, n. 26, 61, 62, 65, 71, 76-78, 99-105, 115, 116, 121, 122, 134, 141, 144, 145, 187.

[4]      Amended Complaint, ¶ 65, n. 35, Exhibit 16.

[5]      Amended Complaint, ¶ 79, 82.

2

"LPS Defendants", Erica A. Johnson-Seck (Johnson Seck), Roger Stott (Stotts), Julissa (Julisa) Vedarte, James Morris, Suchan Murray, Sheena M. Gordon, Emily Butler, Carla A. Hardin, Dennis Kirkpatrick, Laura Hescott, Eric Tate and Maria Vadney as persons whose signatures also appear on the documents as witnesses or notaries.   Affidavit in Support of Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, [D.E. 246], ¶ 78.  None of the individuals named above <u>ever</u> worked for DocX.  *See* Declaration of Tina Remington, ¶¶4-5, previously submitted in support of DocX's first Motion for Sanctions and attached hereto as Exhibit A.

Plaintiffs' emotional distress claim is based upon two orders entered by the Court, requiring the parties to confer and select a single hearing date for all motions [D.E. 148] and setting all pending Motions for oral argument on March 29, 2015 [D.E. 159] and Defendants' attempts to comply with these Orders after Plaintiffs declined to cooperate.  Plaintiffs predicate their claim for infliction of emotional distress upon Defendants' attempts to comply with the Court's May 12, 2015 Order [D.E. 148], which resulted in the *sua sponte* issuance of the Order setting a single hearing date [D.E. 159].  The Court later withdrew the latter Order and decided all Motions on the papers. Because litigation-induced emotional distress is never a basis for a claim for damages, this claim is facially frivolous and is not supported by fact or law.

### III.   ARGUMENT

**A.   Rule 11 Sanctions are Appropriate Because Plaintiffs' Claims against DocX are Devoid of Any Factual Basis and Their Legal Contentions Are Not Warranted**

The goal of Rule 11 sanctions is to "compensate the victims of the violation, to punish present litigation abuse, to streamline court dockets, to facilitate court management, and to deter future litigation abuse."  *Chaplin v. Du Pont Advance Fiber Sys.*, 303 F. Supp. 2d 766, 771 (E.D. Va. 2004) *aff'd,* 124 F. App'x 771 (4th Cir. 2005).  Put differently, "[t]he purpose of Rule 11 is to

deter conduct that frustrates the just, speedy, and inexpensive determination of civil actions.

*Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997).

Sanctions are appropriate in three circumstances:

> By presenting to the court ... a pleading ... the attorney or unrepresented party is certifying that to the best of that person's knowledge, information, and belief formed after an inquiry reasonable under circumstances:
>
> 1. it is **not** being presented for any **improper purpose,** such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> 2. the claims, defenses, and other **legal contentions are warranted** by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and
>
> 3. the **factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

*Turton v. Virginia Dep't of Educ.*, No. 3:14CV446, 2015 WL 236699, at *2 (E.D. Va. Jan. 16, 2015) (quoting Fed. R. Civ. P. 11) (emphasis in original).  Violation of any of these three mandates requires a mandatory imposition of a sanction. *Id.*

A litigant is "required to conduct a reasonable investigation of the factual bases underlying each of his clients' claims before filing them.  Where, as here, there is *no* factual basis for a particular claim, that claim violates Rule 11(b)(3)." *Chaplin*, 303 F. Supp 2d. at 771.  *See also Davis v. Hudgins*, 896 F. Supp. 561, 573 (E.D. Va. 1995), *aff'd*, 87 F.3d 1308 (4th Cir. 1996) (factual investigation must uncover "some information to support the allegations in the complaint," no factual basis was found for RICO claims and sanctions awarded).

Here, Plaintiffs clearly did not conduct any pre-filing investigation as to who the purported signatories of the Appointments of Substitute Trustee and the Assignments of Deeds of Trust worked for.  Moreover, they have already been advised that the individuals claimed to have a hand in executing various instruments did not work for DocX.  Additionally, Plaintiffs

4

affirmatively allege in the Amended Complaint that DocX was located in Alpharetta, Georgia. *See* Amended Complaint, ¶144.  However, the Appointments and Assignments attached to the Amended Complaint all bear notary stamps from jurisdictions other than Georgia. Plaintiffs have no factual basis to allege that Wendy Traxler or any of the other individuals named as alleged signatories to various documents were employed by DocX.

Moreover, the inclusion of DocX as a Defendant was merely to somehow tie previous allegations against that company to Plaintiffs' claims.  As in the Complaint, the Amended Complaint mentions a litany of general allegations involving DocX's former president, Lorraine Brown, regarding the alleged falsification of documents throughout the United States and an agreement Ms. Brown entered into.  *See* Amended Complaint, ¶¶ 144-145.  There is no relationship between Ms. Brown, DocX and Plaintiffs' loan.  Plaintiffs likely copied and pasted information from the internet regarding Ms. Brown in an attempt to link DocX to their loan with no factual support.   Plaintiffs' RICO claims lack any evidentiary support in violation of Rule 11 and were directed at DocX for the improper purpose of highlighting unrelated conduct by that company.

Plaintiffs' infliction of emotional distress claims are based upon events that took place in this litigation, the entry of the Court's Orders that ultimately set all pending Motions for hearing on a single date – an order that was later withdrawn by the Court in favor of determining all Motions on the papers.  "[L]itigation-induced emotional distress is **never** a compensable element of damages."  *Knussman v. Maryland*, 272 F.3d 625, 642 (4th Cir. 2001) (emphasis added) (citing *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir.1983) ("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages....");

*Blakey v. Continental Airlines, Inc.*, 992 F. Supp. 731, 736 n. 3 (D.N.J. 1998); *Picogna v. Board of Educ.*, 143 N.J. 391, 671 A.2d 1035, 1038–39 (1996) (collecting cases)); *see also Weihua Huang v. Rector & Visitors of Univ. of Virginia*, 2013 WL 865845, at *9 (W.D. Va. Mar. 7, 2013) (confirming that emotional distress suffered as a result of litigation is not compensable in Virginia). Plaintiffs' emotional distress claim is based upon legal contentions that are not warranted in violation of Rule 11.

## B.   Plaintiffs' *Pro* Se Status Does Not Shield Them from Rule 11 Sanctions

Rule 11 expressly provides that parties may be liable for sanctions under the Rule. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated," the court may impose an appropriate sanction on any attorney, law firm, *or party that violated that rule or is responsible for the violation."* Fed. R. Civ. P. 11(c)(1) (emphasis added).

"By its terms, Fed.R.Civ.P. 11 applies to both attorneys and *pro se* litigants. By signing a document presented to the Court, the signatory is representing that the document [complies with Rule 11]….Litigants proceeding *pro se* are liable for sanctions under Fed.R.Civ.P. 11(b) for filing frivolous pleadings when those pleadings lack any factual support. *See Potter v. Mosteller*, 199 F.R.D. 181, 186–87 (D.S.C.2000) (finding attorneys' fees an appropriate sanction for frivolous pleadings by *pro se* litigants)." *Abbott v. Suntrust Mortgage, Inc.*, No. 3:08cv665, 2009 WL 971267, at *3-4 (E.D. Va. Apr. 8, 2009).

"The Fourth Circuit has stated that documents potentially violating Fed. R. Civ. P. 11(b) should be evaluated using an objective standard." *See Hunter v. Earthgrains Co. Bakery,* 281 F .3d 144, 153 (4th Cir. 2002). The assertion of a position violates Fed.R.Civ.P. 11(b) if it has

"absolutely no chance of success under the existing precedent." *Id.* (internal quotations omitted). *Id.*, at *4.

 "An inquiry into a party's conduct under Rule 11 is guided by an objective standard of reasonableness under the circumstances rather than an assessment of the party's subjective intent….As the Fourth Circuit has noted, 'Rule 11 does not prohibit merely intentional misconduct.  Inexperience, incompetence, willfulness or deliberate choice may all contribute to a violation.'"  *Davis v. Hudgins*, 896 F. Supp. 561, 573 (E.D. Va. 1995) *aff'd,* 87 F.3d 1308 (4th Cir. 1996) (quoting *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987)).

Here, given the lack of evidence to prove DocX's alleged involvement, Plaintiffs' claims against DocX have no chance of success.  Plaintiffs' now repeated, deliberate choice to include DocX without any facts to support their allegations is a violation of Rule 11.  They have alleged substantially similar allegations against DocX in no less than five complaints in various Virginia Bankruptcy and Federal courts and cannot rely upon inexperience or incompetence to now escape sanctions.

## C.    Plaintiffs' Improper Purpose

Plaintiffs have filed at least six actions[6], among others, in order to avoid foreclosure on their home.  DocX was improperly named as a Defendant in three of those matters, including the

---

[6]       Thus far, DocX has located the following litigation involving the Plaintiffs:  **(1)** *In re Mohammed Nawaz Raja*, No. 08-18049-RGM (Bankr. E.D. Va. filed Dec. 23, 2008, Motion for Relief from Stay granted Apr. 15, 2009; Motion to Reconsider denied May 7, 2009; Emergency Motion to Vacate Order denied May 19, 2009), *aff'd*, No. 1:09-cv-00654-LO-TCB (E.D. Va. Nov. 6, 2009), Motion for Reconsideration denied (E.D. Va. Nov. 24, 2009), Second Motion for Reconsideration denied (E.D. Va. Dec. 23, 2009), *aff'd*, No. 10-1035 (4th Cir. 2010) (per curiam) (unpublished), *pet. for reh'g* and *pet. for reh'g en banc denied* (4th Cir. 2011), motion to reopen denied (Bankr. E.D. Va. Apr. 3, 2013); **(2)** *Mohammad Nawaz Raja et al. v. Deutsche Bank Nat'l Trust, et al.*, No. CL00055523-00 (Loudoun Cir. Ct. filed Apr. 27, 2009; nonsuited Jan. 3, 2013); **(3)** *M. Nawaz Raja v. Mortgage Electronic Registration*, No. CL00064172-00 (Loudoun Cir. Ct. filed October 18, 2010, unsealed October 25, 2012,

instant lawsuit.  Plaintiffs' Complaints in the other two matters regarding the Raja's alleged claims related to their home were dismissed.

Continuously filing claims of similar nature despite previous dismissals is grounds for Rule 11 Sanctions.  *See, e.g., Lewin v. Cooke*, 95 F. Supp. 2d 513, 527 (U.S Dist. Ct. E.D. of Va. 2000) ("an improper purpose may be shown by excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings") (*citing Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte*, 141 F.3d 1434, 1448 (11th Cir. 1988)).  *See also Abbott v. Suntrust Mortgage, Inc.*, No. 3:08CV665, 2009 WL 971267, at *5 (E.D. Va. Apr. 8, 2009) (repeated frivolous filings to avoid foreclosure warranted sanctions); *Myers v. America's Servicing Co.*, 227 F.R.D. 268, 271 (E.D. Va. 2005) (Plaintiffs were "serial filers of frivolous and harassing lawsuits" in order to avoid foreclosure and Defendants entitled to monetary sanctions).

Plaintiff's Objection to LPS Defendants' Attorney, Lisa M. Ernest and Motion to Strike Pro Hac Vice Application for Mr. Fred Owen Goldberg [D.E. 56], filed before the dismissal of the Complaint, is indicative of the serial filings perpetrated by Plaintiffs.  Plaintiffs objected to a properly filed Motion to Dismiss, to counsel's involvement and cited to the very Rule 11

---

dismissed with prejudice Dec. 16, 2013); **(4)** *Southern Walk at Broadlands v. Mohammad N. Raja, et al.*, No. CL00072132-00 (Loudoun Cir. Ct. filed Feb. 16, 2013, Counterclaim dismissed with prejudice and motion for reconsideration denied, June 17, 2013), *pet. for app. dismissed*, No. 131395 (Va. Nov. 13, 2013); **(5)** *M. Nawaz Raja, et al. v. Segan, Mason & Mason, PC, et al.*, No. 1:13-cv-00418-TSE-IDD (filed Apr. 5, 2013, dismissed June 17, 2013; Rule 11 sanctions granted Aug. 5, 2013), *aff'd*, No. 13-1811 (4th Cir. Nov. 21, 2013) (per curiam) (unpublished); **(6)** *M. Nawaz Raja, et al. v. Merscorp, Inc., et al.*, No. 1:13-cv-00944-LO-TRJ (E.D. Va. filed Aug. 2, 2013, dismissed without prejudice June 17, 2014), *aff'd*, No. 14-1719 (4th Cir. Opinion issued Nov. 20, 2014, motion to strike appellees' brief filed Nov. 21, 2014 and denied as moot Nov. 21, 2014) (per curiam) (unpublished); **(7)** *In re Neelum Nawaz Raja*, No. 13-14502-RGM (Bankr. E.D. Va. filed Oct. 2, 2013, discharge granted Apr. 1, 2014, closed Aug. 13, 2014); **(8)** *Neelum Rawaz Raja v. MERSCORP, Inc., et al.*, No. 13-01273-RGM (Bankr. E.D. Va. filed Oct. 2, 2013, dismissed Dec. 4, 2013) (adversary proceeding); **(9)** *Tsvetovat, et al. v. Segan, Mason & Mason, P.C.*, No. 1:12-cv-00510 (E.D. Va. Motion to Reconsider Inclusion in Class Action denied; sanctions awarded Aug. 5, 2013); and **(10)** this action.

standards they are guilty of violating in order to further delay and obstruct the proper administration of this matter.  Plaintiffs will continue to file frivolous pleadings unless deterred from doing so.

**D.      Substantial Sanctions Are Warranted**

A sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  Sanctions may include:  "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  *Id.*

"To aid courts in fashioning appropriate sanctions, the Fourth Circuit has identified four factors courts should consider when imposing Rule 11 sanctions: '(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors relating to the severity of the Rule 11 violation.'"  *Myers v. America's Servicing Co.*, 227 F.R.D. 268, 270 (E.D. Va. 2005) (quoting *In re Kunstler,* 914 F.2d 505, 523 (4th Cir. 1990)).

Given the number of filings and baseless allegations that Plaintiffs are plainly aware of, a substantial penalty is appropriate.  This is particularly true in light of the fact that Plaintiffs have been sanctioned at least twice in the past, apparently to no avail.  *See M. Nawaz Raja, et al. v. Segan, Mason & Mason, PC, et al.*, No. 1:13-cv-00418-TSE-IDD (filed Apr. 5, 2013, dismissed June 17, 2013; Rule 11 sanctions granted Aug. 5, 2013),[7] *aff'd*, No. 13-1811 (4th Cir. Nov. 21, 2013) (per curiam) (unpublished); *Tsvetovat, et al. v. Segan, Mason & Mason, P.C.*, No. 1:12-cv-00510 (E.D. Va. Motion to Reconsider Inclusion in Class Action denied; sanctions

---

[7]      A copy of the Order awarding Fed. R. Civ. P. 11 sanctions is attached hereto as Exhibit B.

awarded Aug. 5, 2013).[8]  In light of the Plaintiffs' extensive litigation history and in light of their history of being sanctioned for filing frivolous litigation, the Court should dismiss the Amended Complaint with prejudice as to DocX and find Plaintiffs liable to pay its attorneys' fees and expenses incurred following the filing of the Complaint and Amended Complaint, including fees and expenses incurred in connection with the filing of the motion to dismiss the Complaint and Amended Complaint, the original sanctions motion and this renewed sanctions motion.  In the alternative, they should be required to pay a substantial penalty to the Court to deter future misconduct.

## IV.    CONCLUSION

For the reasons set forth above, (1) the Amended Complaint should be dismissed with prejudice as to DocX; (2) Plaintiffs should be held jointly liable to pay DocX's attorneys' fees and expenses incurred following the filing of the Complaint and Amended Complaint, including fees and expenses incurred in connection with the filing of the motion to dismiss the Complaint and Amended Complaint, the original sanctions motion and this renewed sanctions motion; and (3) the Court should grant such other and further relief as it may deem just and proper.

---

[8]    A copy of the Order awarding sanctions under the inherent authority of this Court is attached hereto as Exhibit C.

Dated:  December 4, 2015

RESPECTFULLY SUBMITTED,

/s/ Michael W. Tompkins
Lisa M. Ernest, VSB No. 72718
Michael W. Tompkins, VSB No. 31888
Fidelity National Law Group
8100 Boone Boulevard, Suite 600
Vienna, Virginia 22182
Telephone: (703) 245-0286
Fax: (703) 821-1618
Lisa.Ernest@fnf.com
Michael.Tompkins@fnf.com
Counsel for Lender Processing Services, Inc., LPS
    Default Solutions, Inc. and DOCX, LLC

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **November 12, 2015** I caused a true copy of the foregoing Memorandum of Law in Support of Defendant DocX, LLC's, Renewed Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure to be served upon the Plaintiffs by hand delivery and that on **December 4, 2015** I caused a true copy of the foregoing Defendant DocX, LLC's, Renewed Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure to be served upon all parties by eFiling.

Neelum Nawaz Raja
M. Nawaz Raja
42907 Parkbrooke Court
Broadlands, VA 20148
*Pro Se Plaintiffs*

Abby K. Moynihan, Esq.
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
*Counsel for Laura H.G. O'Sullivan, Abby K. Moynihan,*
*McCabe, Weisberg & Conway, LLC, and Surety Trustees, LLC*

Bizhan Beiramee, Esq.
McGinnis Wutscher Beiramee LLP
7508 Wisconsin Avenue, Second Floor
Bethesda, MD 20814
*Counsel for Beiramee Law Group, P.C.*
Thomas W. Repczynski, Esq.
Offit | Kurman, P.C.
8000 Towers Crescent Drive, Suite 1450
Tysons Corner, VA 22182
*Counsel for Indy Mac MBS, Inc. and Indy Mac ABS, Inc.*

Donald F. King, Esq.
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Chapter 7 Trustee*

Billy B. Ruhling, II, Esq.
S. Mohsin Reza, Esq.
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
*Counsel for MERSCORP, INC., et al.*

                                        /s/ Michael W. Tompkins
                        _____
                        Lisa M. Ernest, VSB No. 72718
                        Michael W. Tompkins, VSB No. 31888
                        Fidelity National Law Group
                        8100 Boone Boulevard, Suite 610
                        Vienna, Virginia 22182
                        Telephone: (703) 245-0286
                        Fax: (703) 821-1618
                        Lisa.Ernest@fnf.com
                        Michael.Tompkins@fnf.com
                        Counsel for Lender Processing Services, Inc., LPS
                              Default Solutions, Inc. and DOCX, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

M. Nawaz Raja, *et al*            )
                                  )
            Plaintiffs,           )
                                  )
v.                                )        Case No. 1: 14-cv-1663
                                  )        Judge O'Grady
MERSCORP, Inc., *et al*           )
                                  )
            Defendants.           )

## DECLARATION OF TINA REMINGTON

I, Tina Remington do state and declare as follows pursuant to 28 U.S.C. §1746:

1.      My name is Tina Remington. I am over twenty-one (21) years of age and competent to make this Declaration. I am employed by Fidelity National Financial, Inc. ("FNF") where I hold the position of Vice President of Corporate Payroll.  I make this Declaration based upon my own personal knowledge and my review of information contained in the corporate books and records of FNF.

2.      FNF is the indirect parent corporation of DocX, LLC ("Docx") and maintains the Human Resources records of DocX.

3.      As part of my duties as Vice President of Corporate Payroll, I am authorized to access the employment and payroll records of FNF and all current and former subsidiaries and affiliates which are maintained on a computerized database maintained in the normal and usual course of business of FNF.  In addition, I am authorized to access the employment and payroll records of DocX, which are maintained on the same computerized database maintained in the normal and usual course of business.

EXHIBIT

A

4.      I have reviewed the employment and payroll records of DocX to determine whether Christina Allen, Erica A. Johnson-Seck (Johnson Seck), Roger Stott (Stotts), Julissa (Julisa) Vedarte, Wendy Traxler James Morris, Suchan Murray, Sheena M. Gordon, Emily Butler, Carla A. Hardin, Dennis Kirkpatrick, Laura Hescott, Eric Tate, or Maria Vadney ever were employees of DocX.

5.      None of the persons named in Paragraph 4 above was ever an employee of DocX.

I declare under penalty of perjury that the foregoing is true and correct.

Tina Remington

3650625-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E
AUG - 5 2013
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

M NAWAZ RAJA, et al.,      )
    Plaintiffs,      )
              )
        v.      )      Case No. 1:13cv418
              )
SEGAN, MASON & MASON, P.C., et      )
al.,      )
    Defendants.      )

## ORDER

The matter is before the Court on defendants' motion for sanctions (doc. 37). After full

briefing and a hearing in which oral argument was heard, the Court, by Order dated July 19,

2013, ruled that the plaintiffs' conduct warranted the imposition of sanctions, but deferred the

determination as to the appropriate quantum of a sanction to be imposed pending submission of

financial information from plaintiffs. *See Raja v. Segan, Mason & Mason, P.C.*, No. 1:13cv418

(E.D. Va. July 19, 2013) (doc. 45). Plaintiffs have now submitted their financial information and

therefore, it is now appropriate to determine the quantum of sanctions.

In their motion for sanctions, defendants seek a monetary sanction in the amount of

$18,065.00, which represents defendants' attorney's fees in this action. Although this amount of

attorney's fees is reasonable under the circumstances, plaintiffs have filed an affidavit stating,

under oath, that they have no assets, no cash, and have substantial liabilities.

To determine the proper measure of sanctions, a district court must consider "(1) the

reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to

pay; and (4) factors related to the severity of the Rule 11 violation." *In re Kunstler*, 914 F.2d

505, 523 (4th Cir. 1990); *see also Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 314 (E.D.

– 1 –



EXHIBIT B

Va. 2004). Foremost in this analysis is that "the amount of a monetary sanction should always reflect the primary purpose of deterrence." *In re Kunstler*, 914 F.2d at 523. Although it is pellucidly clear that sanctions are warranted in this case, it is also clear that plaintiffs simply lack the ability to pay anything other than a nominal amount for sanctions.[1] *See In re Kunstler*, 914 F.2d at 524 (explaining that the court must avoid "imposing a monetary award so great it will bankrupt the offending [party]"); *see also Salvin v. Am. Nat'l Insur. Co.*, 281 F.App'x 222, 226 (4th Cir. 2008) (noting that "a monetary sanction imposed without any consideration of ability to pay would constitute an abuse of discretion"). It is therefore appropriate to impose a nominal sanction that achieves the primary purpose of deterrence, while avoiding bankrupting plaintiffs. This may be achieved by requiring plaintiffs to pay a monthly monetary sanction to the Clerk of Court. *See, e.g., Harmon v. O'Keefe*, 149 F.R.D. 114, 119 (E.D. Va. 1993) (imposing a nominal sanction that required plaintiff to make monthly payments).

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiffs pay a nominal sanction in the amount of $120.00 for violating Rule 11, Fed.R.Civ.P.

It is further **ORDERED** that plaintiffs may pay the $120.00 sanction in consecutive monthly installments in the amount of $5, or more, beginning September 2, 2013. Plaintiffs are **DIRECTED** to make such monthly installments in the form of a check payable to the U.S. Treasury, which is to be submitted to the Clerk of the United States District Court, United States Courthouse, 401 Courthouse Square, Alexandria, VA. The $120.00 sanction and the $5.00 per month payment take fully into account plaintiffs' ability to pay sanction.

---

[1] It is, of course, difficult to confirm the truthfulness of plaintiffs' submission with respect to financial information. Thus, it is appropriate, and necessary, to rely on the information submitted under oath in plaintiffs' affidavit.

To appeal this Order, plaintiffs must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. Rule 4(a), Fed. R. App. P. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiffs want to appeal. Plaintiffs need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to all counsel of record and to plaintiffs by U.S. mail.

Alexandria, VA
August 5, 2013

T. S. Ellis, III
United States District Judge

– 3 –

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

MAKSIM TSVETOVAT, et al.,      )
    Plaintiff,      )
        )
       v.      )      **Case No. 1:12cv510**
        )
SEGAN, MASON & MASON, P.C.,      )
    Defendant.      )

FILED
AUG - 5 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

### ORDER

The matter is before the Court on defendant's motion for sanctions (doc. 79). The matter is before the Court on defendants' motion for sanctions (doc. 37). After full briefing and a hearing in which oral argument was heard, the Court, by Order dated July 19, 2013, ruled that the M. Nawaz Raja and Neelum Nawaz Raja's conduct warranted the imposition of sanctions, but deferred the determination as to the appropriate quantum of a sanction to be imposed pending submission of financial information from Mr. and Mrs. Raja. *See Tsvetovat v. Segan, Mason & Mason, P.C.*, No. 1:12cv510 (E.D. Va. July 19, 2013) (doc. 85). Mr. and Mrs. Raja have now submitted their financial information and therefore, it is now appropriate to determine the quantum of sanctions.

In their motion for sanctions, defendant seek a monetary sanction in the amount of $19,615.50, which represents defendant's attorney's fees in this action. Although this amount of attorney's fees is reasonable under the circumstances, Mr. and Mrs. Raja have filed an affidavit stating, under oath, that they have no assets, no cash, and have substantial liabilities.

To determine the proper measure of sanctions, a district court must consider

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the

-- 1 --



EXHIBIT C

prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*United States v. Shaffer Equipment Co.*, 11 F.3d 450, 462–63 (4th Cir. 1993).  Although it is pellucidly clear that sanctions are warranted in this case, it is also clear that Mr. and Mrs. Raja simply lack the ability to pay anything other than a nominal amount for sanctions.[1]  It is therefore appropriate to impose a nominal sanction that achieves the primary purpose of deterrence, while avoiding bankrupting Mr. and Mrs. Raja.  This may be achieved by requiring Mr. and Mrs. Raja to pay a monthly monetary sanction to the Clerk of Court.  *See, e.g., Harmon v. O'Keefe*, 149 F.R.D. 114, 119 (E.D. Va. 1993) (imposing a nominal sanction that required plaintiff to make monthly payments).

Accordingly, and for good cause,

It is hereby **ORDERED** that Mr. and Mrs. Raja pay a nominal sanction in the amount of $120.00, pursuant to the inherent powers of the Court.

It is further **ORDERED** that Mr. and Mrs. Raja may pay the $120.00 sanction in consecutive monthly installments in the amount of $5, or more, beginning September 2, 2013. Mr. and Mrs. Raja are **DIRECTED** to make such monthly installments in the form of a check payable to the U.S. Treasury, which is to be submitted to the Clerk of the United States District Court, United States Courthouse, 401 Courthouse Square, Alexandria, VA.  The $120.00 sanction and the $5.00 per month payment take fully into account Mr. and Mrs. Raja's ability to pay sanction.

---

[1] It is, of course, difficult to confirm the truthfulness of Mr. and Mrs. Raja's submission with respect to financial information.  Thus, it is appropriate, and necessary, to rely on the information submitted under oath in Mr. and Mrs. Raja's affidavit.

-- 2 --

To appeal this Order, Mr. and Mrs. Raja must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. Rule 4(a), Fed. R. App. P. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order Mr. and Mrs. Raja wants to appeal. Mr. and Mrs. Raja need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to all counsel of record and to Mr. and Mrs. Raja by U.S. mail.

Alexandria, VA
August 5, 2013

_____/s/_____
T. S. Ellis, III
United States District Judge